# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2026

Lyle W. Cayce
Clerk

No. 25-30583

Robert Louis Spinks; Jessica Williams,

*Plaintiffs—Appellants*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-1261

Before Willett, Engelhardt, and Douglas, *Circuit Judges*.
Per Curiam:[*]

In August 2018, Sergeant Paul Broussard—then a Specialist in the Louisiana National Guard—was driving an Army tactical truck westbound on I-12 in Louisiana. Sergeant Jawun Giovanni rode in the passenger seat. Ahead of them in the right lane was a truck carrying an unsecured sawhorse. Broussard slowed to between 40 and 50 miles per hour—below the speed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

limit—and maintained roughly eight seconds of following distance behind the truck.

Robert Spinks passed the Army truck and merged into that gap. The district court found that the sawhorse fell onto the highway almost immediately. Spinks braked hard to avoid it. Broussard likewise braked and swerved left, but the Army truck struck the left rear of Spinks's truck. The truck carrying the sawhorse did not stop, and its driver remains unidentified.

Spinks testified that he had driven between the two trucks "for about a mile" before the sawhorse fell. Sergeants Broussard and Giovanni testified otherwise: Broussard said the events occurred "simultaneously" or "as soon as Mr. Spinks got over," and Giovanni said "the sawhorse fell almost immediately." The district court credited their account.

Spinks and his daughter, Jessica Williams, who owned the truck Spinks was driving, sued the United States for negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, which—with various exceptions not at issue here—"waives sovereign immunity from suits for negligent or wrongful acts of Government employees." *United States v. Gaubert*, 499 U.S. 315, 318 n.4 (1991). After a bench trial, the district court found that Sergeant Broussard had not breached his duty of care and entered judgment for the Government.

Spinks and Williams challenge both the district court's application of Louisiana law—"effectively treat[ing] the presence of a roadway hazard . . . as itself sufficient to excuse the rear-ending driver"—and its finding that the sawhorse fell almost immediately after Spinks merged.[1] We

---

[1] Spinks and Williams also challenge the exclusion of claim forms from a litigation-finance company. Although their brief insinuates that this evidence was relevant to "the standard of care [and] causation," they do not explain how the forms bore on anything other than damages. Because the district court found no negligence, any error was

review findings of fact after a bench trial for clear error and conclusions of law *de novo*. *Franklink Inc. v. BACE Servs., Inc.*, 50 F.4th 432, 438 (5th Cir. 2022). Applying those standards, we discern no error.

Because the collision occurred in Louisiana, Louisiana law governs. *See Le v. United States*, 138 F.4th 264, 272 (5th Cir. 2025). Under Louisiana law, a plaintiff asserting negligence "must prove five separate elements": (1) duty, (2) breach, (3) factual causation, (4) legal causation, and (5) actual damages. *Bufkin v. Felipe's La., LLC*, 2014-CC-0288, pp. 4–5 (La. 10/15/14), 171 So. 3d 851, 855. And a rear-end collision creates a rebuttable presumption that the "following motorist . . . is . . . negligent." *Mart v. Hill*, 505 So. 2d 1120, 1123 (La. 1987). The following driver may rebut that presumption "by establishing that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances." *Broussard v. Zurich Am. Ins. Co.*, 44,695–CA, p. 4 (La. App. 2 Cir. 9/23/09), 23 So. 3d 370, 373.

The district court applied that presumption and found it rebutted. Spinks and Williams contend that the court treated the sawhorse's fall as an automatic excuse for the rear-end collision, even though "[t]he sudden emergency doctrine is applicable to the standard of conduct *after* an emergency has arisen and cannot *lower* the standard of care required of motorists prior thereto." *Connell v. Richwood Gardens, Inc.*, 56,668–CA, p. 7 (La. App. 2 Cir. 12/17/25), 427 So. 3d 347, 353. But the district court did not excuse antecedent negligence. It found that, before the emergency arose, Broussard had noticed the sawhorse, slowed below the speed limit in order to maintain roughly eight seconds of distance behind the truck carrying it.

---

harmless. *See United States v. Bishop*, 264 F.3d 535, 546 (5th Cir. 2001) ("In order to obtain a reversal, the complaining party must demonstrate that the district court's ruling caused him substantial prejudice.").

Spinks then moved into that safety cushion, and—on the district court's permissible view of the evidence—the sawhorse fell almost immediately. Broussard thus had no meaningful opportunity to establish a new following distance behind Spinks before he had to brake and swerve. Those findings track the Louisiana standard: control, close observation, and a safe following distance under the circumstances.[2]

Spinks and Williams next attack the finding that the sawhorse fell immediately after Spinks merged. Spinks testified that he had driven about a mile between the trucks, but Sergeants Broussard and Giovanni testified that the sawhorse fell immediately after the merge. The district court credited the latter account. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

Nor are the district court's findings internally inconsistent. Spinks and Williams argue that Sergeant Broussard could not both have noticed the unsecured sawhorse and been confronted with its fall immediately after Spinks merged. He could. Sergeant Broussard had already reacted to the

---

[2] In their reply brief, Spinks and Williams recast the following-distance point and demand a comparative-fault analysis. Both arguments are forfeited because they were not raised in the opening brief. *See, e.g.*, *Bradford v. Sovereign Pest Control of TX, Inc.*, 167 F.4th 809, 813 (5th Cir. 2026). In any event, the arguments are unpersuasive.

As to the first, the district court found that Spinks entered the existing gap just before the sawhorse fell, leaving Broussard no time to increase the distance between the Army truck and Spinks's truck. *See Sneeze v. Nat'l Super Mkts.*, 429 So. 2d 211, 213 (La. Ct. App. 1983) (finding no breach because "the defendant took every possible precaution").

As to the second, comparative fault applies only after a party is found to have breached a duty. *See Precht v. Case Corp.*, 99-1296, p. 15 (La. App. 3 Cir. 2/16/00), 756 So. 2d 488, 499. Because the district court found no breach by Broussard, it had no fault of his to apportion.

No. 25-30583

unsecured load by slowing and increasing his distance from the truck carrying it. Spinks then entered that space, and the sawhorse fell almost immediately afterward. The district court reasonably found that Sergeant Broussard maintained control and followed at a safe distance under those circumstances.[3]

The district court applied the correct legal standard, and its factual findings are not clearly erroneous.

AFFIRMED.

---

[3] Spinks and Williams also argue that the district court's finding that Sergeant Giovanni's testimony was credible should receive less deference than ordinary credibility findings because the testimony occurred via deposition rather than live. Our precedent forecloses this argument. *See SMP Sales Mgmt., Inc. v. Fleet Credit Corp.*, 960 F.2d 557, 559 (5th Cir. 1992) ("The trial court's findings based on depositions . . . are entitled to the same standard of review that they would receive if based on oral, courtroom testimony."). But even if it did not, Sergeant Broussard's testimony alone would suffice to render the district court's finding "plausible in light of the record as a whole" and thus "not clearly erroneous." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).